UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNETTE TYLER, an individual, | ) ) ) Case No: |
| Plaintiff, | ) ) ) Judge: |
| v. | ) ) ) Magistrate Judge: |
| ADT PIZZA LLC | ) ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

Plaintiff, ANNETTE TYLER, by and through her undersigned counsel, hereby files this Complaint and sues Defendant, ADT PIZZA LLC (hereinafter collectively referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as "ADA") and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter, "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA and the LCHR.

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, ANNETTE TYLER, (hereinafter referred to as "MS. TYLER"), is a person of

the age of majority and a citizen of the State of Louisiana, St. Landry Parish.

5. MS. TYLER resides on Vige St., Opelousas, Louisiana 70570.

6. MS. TYLER is a qualified individual with a disability under the ADA and the LCHR.

7. MS. TYLER is a paraplegic due to spinal cord injury.

8. Due to her disability, MS. TYLER is substantially impaired in several major life activities and requires a wheelchair to ambulate.

9. Upon information and belief, ADT PIZZA LLC, a limited liability company organized in the State of Delaware and doing business in St. Landry Parish, Louisiana, operates the business, Pizza Hut, which is the subject of this action, located at 934 Creswell Lane, Opelousas, LA 70570 (hereinafter referred to as "the Property").

10. Upon information and belief, the Property is a restaurant.

11. MS. TYLER has entered the Property to eat.

12. DEFENDANTS are obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Western District of Louisiana, St. Landry Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MS. TYLER realleges and reavers Paragraphs 1 – 13 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 934 Creswell Lane, Opelousas, LA 70570.

16. MS. TYLER lives less than three (3) miles from the Property.

17. MS. TYLER frequently travels past the Property due to its proximity to her home.

18. MS. TYLER has visited the Property in the past to purchase food.

19. MS. TYLER most recently entered the Property to eat on October 7, 2023.

20. While at the Property, MS. TYLER encountered numerous architectural barriers while attempting to navigate the Property with her wheelchair.

21. MS. TYLER has personally observed and is aware of mobility-related barriers at the Property, as discussed below in Paragraph 26.

22. MS. TYLER intends to, and will, enter the Property to utilize its services in the future, but fears that she will encounter the same barriers to access which are the subject of this action.

23. The barriers discussed below in Paragraph 26 are excluding MS. TYLER from the programs, services, and activities offered at the Property.

24. The barriers discussed below in Paragraph 26 are excluding MS. TYLER from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Property.

25. MS. TYLER presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

26. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MS. TYLER due to, but not limited to, the following violations which exist at the Property:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

    A. The restroom entrance door is too narrow to enter;

    B. The restroom is too small for a wheelchair user to maneuver; and

    C. Other mobility-related ADA barriers to be identified following a complete inspection.

27. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

28. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

29. Upon information and belief, removal of the barriers to access located on the Property would provide MS. TYLER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations offered to the general public at the Property.

30. MS. TYLER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. TYLER is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

31. MS. TYLER repeats and realleges all preceding paragraphs in support of this claim.

32. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereinafter referred to as "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

33. At all times relevant to this action, MS. TYLER has experienced substantial limitations to

several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

34. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

35. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

36. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

37. DEFENDANT discriminated against MS. TYLER, on the basis of her disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed in Paragraph 26 herein.

38. MS. TYLER deems herself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

39. MS. TYLER is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MS. TYLER demands judgment against DEFENDANT and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MS. TYLER pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of DEFENDANT in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses to MS. TYLER pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just, and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
ANNIKA MENGISEN (LA # 35524)
3319 St. Claude Ave.
New Orleans, LA 70117

T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
gdereus@bizerlaw.com
annika@bizerlaw.com